**In re Quinne HARRIS–LINDSEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 451238).**

**No. 09–BG–946.**

District of Columbia Court of Appeals.

Decided May 19, 2011.

Before BLACKBURNE–RIGSBY and THOMPSON, Associate Judges, and FARRELL, Senior Judge.

PER CURIAM:

Before this division of the court is the report and recommendation of an *Ad Hoc* Hearing Committee recommending approval of a petition for negotiated attorney discipline. *See* D.C. Bar Rule XI, § 12.1. In the petition jointly filed by respondent, Quinne Harris–Lindsey, and Bar Counsel, respondent has admitted to three instances of negligent misappropriation of funds and additional violations in connection with her services as attorney for the guardian of an estate.[1] The sanction agreed to is a one-year suspension from the practice of law, with six months stayed in favor of one year of probation with conditions.

At the request of the court,[2] the Board on Professional Responsibility ("Board") has considered the proposed petition and recommends rejection of it in favor of a contested discipline proceeding. After careful consideration of the briefs filed by respondent, Bar Counsel, and the Board, we agree with the Board that this is not a proper case for negotiated discipline. Notwithstanding the deference that Rule 12.1 requires be given to the judgment of Bar Counsel in these matters, especially when supported by the judgment of a Hearing Committee after review, a serious question exists on the face of the record whether respondent acted negligently, or instead recklessly, when she continued to

---

1. The respondent knowingly and voluntarily admitted to violating Rules 1.15(a) and 1.1(a) and (b), 1.3(a) and (c), 1.5(f), and 8.4(d) of the District of Columbia Rules of Professional Conduct and D.C. Bar R. XI, § 19(f).

2. *See* D.C. Bar R. XI, § 12.1(d).

take funds from the estate after having been advised by court officials that she needed approval from the Court and after the Probate Court admonished her not to expend any funds without prior approval. *See In re Pleshaw,* 2 A.3d 169 (D.C.2010); *In re Bach,* 966 A.2d 350 (D.C.2009). We do not believe that question, which may be critical to deciding the proper sanction for respondent's conduct, *see In re Anderson,* 778 A.2d 330 (D.C.2001), can be answered without the presentation of evidence in a contested proceeding.

We express no view on the broader position advanced by the Board that negotiated discipline should be presumptively unavailable in cases of misappropriation not "clearly" shown to be negligent only, or unaccompanied by "extraordinary circumstances." Our decision rests on the insufficiency of the record before the Hearing Committee to permit a satisfactory determination of respondent's culpability, and our judgment that only a fact-finding proceeding, with its careful attention to issues of credibility, can resolve that issue in this case.

Accordingly, the petition for negotiated discipline is rejected.

*So ordered.*